Submitted September 2, reversed October 26, 2016

In the Matter of R. J. S.,
aka B. B. R., a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

R. J. S.,
aka B. B. R.,
*Respondent,*

*v.*

C. M. R.
and S. R. S.,
*Appellants.*

Umatilla County Circuit Court
JV160002;
Petition Number JV160002A;
A161909

383 P3d 985

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Amelia Andersen, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant C. M. R.

G. Aron Perez-Selsky filed the brief for appellant S. R. S.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent Department of Human Services.

Ginger Fitch filed the brief for respondent child.

Before Sercombe, Presiding Judge, and Flynn, Judge, and DeHoog, Judge.

## PER CURIAM

In this juvenile dependency case, father and mother appeal a combined jurisdictional and dispositional judgment over their child, R. The juvenile court entered the judgment following a hearing at which mother was not present and had not been served with the summons and the dependency petition. *See* ORS 419B.815(1) ("A court may make an order establishing jurisdiction under ORS 419B.100 only after service of summons and a true copy of the petition as provided in ORS 419B.812, 419B.823, 419B.824, 419B.827, 419B.830, 419B.833 and 419B.839."). On appeal, mother asserts that the court erred in proceeding with the jurisdictional hearing in her absence under ORS 419B.914, which provides, in part, that, "[i]f the child or ward is before the court, the court has the power to proceed with the case without service upon those entitled to service under ORS 419B.812 to 419B.839 if diligent efforts have failed to reveal the identity or the whereabouts of the person * * *." The Department of Human Services (DHS) concedes that it failed to satisfy the requirements of ORS 419B.914 as to mother and, therefore, the juvenile court erred in proceeding with the case in her absence. According to DHS, that issue is dispositive and, as a result, we must reverse the combined jurisdictional and dispositional judgment. We agree and accept the concession. Accordingly, we do not address father's assignments of error.

Reversed.