168 September 18, 2024 No. 668

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of A. G.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

G. G.,
*Appellant.*

Deschutes County Circuit Court
23JU03673; A183731

Bethany P. Flint, Judge.

Argued and submitted August 7, 2024; on appellant's motion to strike filed July 22, 2024, and respondent's response filed July 23, 2024.

Tiffany Keast, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Shannon Storey, Chief Defender, Juvenile Appellate Section, Oregon Public Defense Commission.

Emily N. Snook, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Reversed.

## PAGÁN, J.

Mother appeals from a judgment of dependency jurisdiction regarding her daughter, A, after a hearing at which mother was not present and for which she had not been served as required by ORS 419B.815(1). In three assignments of error, mother contends that the trial court erred in (1) ruling that the efforts of the Department of Human Services (DHS) in locating mother for service qualified as diligent, (2) adjudicating the dependency petition in mother's absence, and (3) asserting jurisdiction over A at a hearing at which mother was not present and for which mother had not been served as required by the statute. For the reasons described below, we conclude that DHS's efforts were not diligent as a matter of law because the department was aware of a person who was in contact with mother and the record demonstrates that DHS did not make efforts to communicate with that person about mother's whereabouts. Thus, the juvenile court erred in adjudicating the petition in mother's absence and asserting dependency jurisdiction over A. We reverse.

A juvenile court may not assert dependency jurisdiction over a child unless the petitioner has served the child's parents with a summons and copy of the petition in accordance with the comprehensive procedures set forth in the dependency code. *See* ORS 419B.815(1) ("A court may make an order establishing jurisdiction under ORS 419B.100 only after service of summons and a true copy of the petition as provided in ORS 419B.812, 419B.823, 419B.824, 419B.827, 419B.830, 419B.833, and 419B.389."). ORS 419B.823 sets forth the types of service available to DHS in juvenile dependency cases, and ORS 419B.824 enumerates the steps required to serve a party with a summons under each of the service methods listed in ORS 419B.823.

If DHS is unable to identify or locate the parent for the purposes of service, "the court has the power to proceed with the case without service upon those entitled to service under ORS 419B.812 to 419B.839 if diligent efforts have failed to reveal the identity or the whereabouts of the person." ORS 419B.914. The term, "diligent" has not been

defined by statute.[1] However, the dictionary definition of "diligent" is "characterized by steady, earnest, attentive, and energetic application and effort in a pursuit, vocation, or study[.]" *Webster's Third New Int'l Dictionary* 633 (unabridged ed 2002).

In this case, DHS did not serve mother with a summons and copy of the petition, and mother did not appear for the hearing on the petition. At the hearing, DHS introduced evidence that DHS had an investigator conduct internet-based searches for mother, which were unsuccessful, and its staff "found a phone number and email" for mother, but mother "did not return calls or emails from the agency." The juvenile court ruled that those efforts to locate mother qualified as "diligent" for purposes of ORS 419B.914 and proceeded to adjudicate the petition and assert dependency jurisdiction over A.

On appeal, DHS argues that the juvenile court correctly concluded that the department had made diligent efforts to locate mother. Specifically, DHS argues that, under the totality of circumstances, its efforts to locate mother were reasonable because the department utilized multiple databases, various social media websites, and family connections to try and locate mother. In support of that argument, DHS attached a policy manual to its brief that describes the department's internal procedures for conducting an "absent parent search." However, DHS introduced no evidence that the policies outlined in the manual were followed in this specific case. The policy manual itself was not entered into evidence, and we do not consider it on appeal.[2]

In any event, the record demonstrates that DHS was in contact with the father of A's half-sibling, L, who

_____

[1] When a term is undefined, we consider the "plain, natural, and ordinary" meaning of the phrase "and consult dictionary definitions of those terms that may illuminate what the legislature intended." *State v. Phillips*, 313 Or App 1, 5, 493 P3d 548, *rev den*, 368 Or 788 (2021) (citing *State v. McNally*, 361 Or 314, 321, 392 P3d 721 (2017)).

[2] Pursuant ORAP 7.10(1), mother moved to strike portions of DHS's answering brief and the attached policy manual. Because we do not consider the policy manual or the portions of the brief discussing it, we deny mother's motion as moot.

was in communication with mother.[3] Despite having contact with L's father, DHS introduced no evidence that the department had asked him for assistance in locating mother for purposes of service. When DHS maintains contact with a person who is in communication with the parent but fails to ask that person for assistance in locating the parent for service, we cannot say, as a matter of law, that the efforts of DHS to locate the parent were diligent. On that basis, we reverse the judgment of jurisdiction and disposition. *Dept. of Human Services v. C. M. R.*, 281 Or App 886, 887, 383 P3d 985 (2016) (reversing judgment of jurisdiction and disposition because DHS "failed to satisfy the requirements of ORS 419B.914 as to mother *** [and] the juvenile court erred in proceeding with the case in her absence.").

Reversed.

---

[3] As the court noted in the record, L's father "was able to locate [mother] *** [and] be in contact with her for various purposes including acquiring things from her."